IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| Allen Cosby (#B-36680), | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Case No. 15 C 6185 |
| v. | ) | |
| | ) | Judge Ronald A. Guzman |
| Illinois Department of Corrections, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The Court denies Plaintiff's motion for leave to proceed *in forma pauperis* [3] pursuant to 28 U.S.C. § 1915(g) and summarily dismisses the complaint with prejudice in view of Plaintiff's failure to advise the Court that he had "struck out." The case is terminated. Having brought this action, Plaintiff nevertheless remains obligated to pay the full filing fee. Before pursuing any future litigation, Plaintiff must pay any outstanding fees.

## STATEMENT

Plaintiff, a prisoner at Pinckneyville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he was attacked by another inmate on December 11, 2014.

Plaintiff's motion for leave to proceed *in forma pauperis* is denied because Plaintiff has accumulated at least three "strikes." The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a Court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

At least three of Plaintiff's previous federal actions, submitted while he was incarcerated, have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Cosby v. Big Muddy Corr. Ctr.*, No. 05-899-GPM (S.D. Ill.) (Murphy, J.) (Order of July 11, 2007); *Cosby v. Hart*, No. 04-1073-HAB-JAG (C.D. Ill.) (Baker, J.) (Order of May 13, 2004); and *Cosby v. Ill. Dep't of Corr.*, No 12 C 6319 (N.D. Ill.) (Marovich, J.) (Order of Aug. 29, 2012). Plaintiff was previously advised that he "struck out." *Cosby v. Ill. Dep't of Corr.*, No 12 C 6319 (N.D. Ill.) (Marovich, J.) (Order of Aug. 29, 2012); *Cosby v. Big Muddy Corr. Ctr.*, No. 14 C 7048 (Marovich, J.) (Order of Sept. 22, 2014).

Notwithstanding his knowledge that he is barred from doing so, Plaintiff has nevertheless sought leave to proceed *in forma pauperis*, and without disclosing his 1915(g) status to the Court. Nor does Plaintiff's complaint suggest he is currently in imminent danger of serious physical injury.

"A litigant who knows that he has accumulated three or more frivolous suits or appeals must alert the court to that fact." *Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (citing *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999)). Consequently, this suit must be dismissed both for nonpayment and as a sanction for misconduct. *Ammons*, 547 F.3d at 725; *Campbell v. Clarke*, 481 F.3d 967, 969 (7th Cir. 2007) ("Plaintiffs who attempt to deceive federal judges, and evade their obligation to pay all required fees and costs, cannot expect favorable treatment. . . ."); *see also Sloan*, 181 F.3d at 859 ("fraud" on the Court must "lead to immediate termination of the suit"). The complaint is accordingly dismissed with prejudice.

However, having brought this action, Plaintiff remains obligated to pay the full filing fee. *See* 28 U.S.C. § 1915(b)(1); *Sloan*, 181 F.3d at 859. Before pursuing any future litigation, Plaintiff must pay any outstanding fees. *Id.*

Date: July 17, 2015

------------------------------------------------
**HON. RONALD A. GUZMAN**
**United States District Judge**